

FILED
JUN 23 2015
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 14-22-BLG-SPW |
| | CV 15-04-BLG-SPW |
| Plaintiff/Respondent, | |
| vs. | ORDER DISMISSING §2255 |
| | MOTION AND GRANTING A |
| NORMAN WAYNE BOND LENOX, | CERTIFICATE OF APPEALABILITY |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Norman Wayne Bond Lenox's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. At trial and at sentencing, attorney Sandy Selvey was appointed to represent Lenox under the Criminal Justice Act, 18 U.S.C. § 3006A. There was no appeal. Selvey is now acting for Lenox, by retainer or pro bono, on the § 2255 motion.

Lenox was sentenced on November 10, 2014, and judgment was entered the same day. Minutes (Doc. 66); Judgment (Doc. 67) at 1. Selvey filed the § 2255 motion on January 16, 2015. The motion alleges that Lenox is entitled to a recalculation of his criminal history category, either because it was erroneously calculated in the first place or because a subsequent ruling by a state court should result in correction of the sentence. Mot. § 2255 (Doc. 74) at 5; Br. in Supp. (Doc.

1

75) at 2-3.

In response to the § 2255 motion, the United States points out that Lenox waived "his right to appeal any aspect of the sentence" and "his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255." Plea Agreement (Doc. 43) at 7 ¶ 8 para. 2; *see also* Am. Resp. to Mot. (Doc. 81) at 3. The waiver does not apply to a § 2255 motion "arising from facts not known or reasonably capable of being known at the time of [Lenox's] entry of guilty plea or alleging that he received ineffective assistance of counsel." *Id.* Thus, whether Lenox can avoid his waiver depends on what he and counsel knew or reasonably should have known when Lenox pled guilty, *see, e.g.*, Sentencing Tr. (Doc. 73) at 5:2-6:1; Am. Resp. to Mot. at 17-22, and on whether counsel's assistance was effective, *see* Am. Resp. to Mot. at 12-17.

Nothing before the Court shows that Selvey was ineffective in advising Lenox about the waivers or the plea agreement or in agreeing to recommend a sentence of 120 months. It is clear, however, that the Court may be required to consider the possibility in order to decide the merits of the motion. If the possibility must be considered, the United States is entitled to know the facts relevant to deciding it, *see Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc), and Selvey could become the central witness in this proceeding. Perhaps most importantly, due to the strict one-motion rule of 28 U.S.C. § 2255(h), if the

2

present motion were denied, Lenox could not subsequently be heard on any allegation that Selvey was ineffective in any respect unless he met the very stringent criteria of § 2255(h)(1) or (2).

In general, it is inadvisable for counsel at trial, at sentencing, or on direct appeal to file a § 2255 motion for the same client. Every lawyer's conflict in asserting his own ineffectiveness is in part a matter of self-interest, but it is also a normal human limitation of perception. To raise his own ineffectiveness as an issue, counsel must perceive how and why he did not perform competently. A lawyer acting diligently, honestly, and self-critically may nonetheless miss something important. And if he misses something, he is likely also to miss the fact that he missed it.

"[A] defendant who can afford to hire counsel may have the counsel of his choice unless a contrary result is compelled by purposes inherent in the fair, efficient and orderly administration of justice." *United States v. Brown*, 785 F.3d 1337, 1344 (9th Cir. 2015) (internal quotation marks omitted). A client may choose to waive a potential conflict, though Lenox has not shown that he has waived Selvey's conflict. But a district court is "allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before [hearing], but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict

3

as the [hearing] progresses." *Wheat v. United States*, 486 U.S. 153, 163 (1988). Here, the potential conflict of interest between Selvey and Lenox is sufficiently clear to disqualify Selvey from representing Lenox. *See United States v. Del Muro*, 87 F.3d 1078, 1080-81 (9th Cir. 1996) (per curiam); *Manning v. Foster*, 224 F.3d 1129, 1131, 1134-35 (9th Cir. 2000).

Consequently, the Court will not decide the motion presented by Selvey. The potential for conflict, if not actual conflict, is evident. *Del Muro*, 87 F.3d at 1080-81. Reaching a decision in view of the potential conflict would be inconsistent with the fair, efficient, and orderly administration of justice. It will be dismissed without prejudice.[1] If Lenox wishes to proceed, he must retain other counsel to file a motion or file his own motion under 28 U.S.C. § 2255. He is advised that there is a one-year limitations period for filing a § 2255 motion. *See* 28 U.S.C. § 2255(f).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Although Lenox no longer has a Sixth Amendment right to counsel, the Court will assume he has a Fifth Amendment due process right to counsel of his choice in a proceeding under 28 U.S.C. § 2255. On that assumption, and

---

[1] Lenox will not be prejudiced by this dismissal. The Court makes no decision of any claim in the § 2255 motion or of any defense raised by the United States, so any later-filed § 2255 motion will not be "second or successive" within the meaning of § 2255(h). *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000); *United States v. Lopez*, 577 F.3d 1053, 1062 (9th Cir. 2009).

4

assuming also that Lenox wishes to proceed with Selvey as counsel, Lenox makes a showing of some substance that he was deprived of a constitutional right. 28 U.S.C. § 2253(c)(2). All that being so, it is possible that reasonable jurists might disagree with the Court's dismissal without prejudice of the § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). A certificate of appealability will be granted.

Lenox should bear in mind, however, that if he chooses to appeal this decision, the one-motion rule will continue to apply, and the limitations period of 28 U.S.C. § 2255(f) will also continue to run against him, while the appeal is pending.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Lenox's motion under 28 U.S.C. § 2255 (Doc. 74) is DISMISSED WITHOUT PREJUDICE.

2. A certificate of appealability is GRANTED on the issues of whether a district court may refuse to entertain a motion under 28 U.S.C. § 2255 filed by an attorney who represented the defendant at trial or at sentencing and whether the Court has abused its discretion by dismissing the § 2255 motion in this case. The Clerk shall immediately process the appeal if Lenox files a notice of appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-04-BLG-SPW are terminated and shall close the civil file by entering a

judgment of dismissal without prejudice.

DATED this 23 day of June, 2015.

Susan P. Watters
United States District Court